IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARSHALL E. BRANDON,                    )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )    CIVIL ACTION NO. 2:07-CV-466-MHT
                                        )               [WO]
                                        )
DENNIS MEEKS, et al.,                   )
                                        )
          Defendants.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Marshall E. Brandon ["Brandon"], a county inmate, on May 24, 2007. The defendants filed

a written report supported by relevant evidentiary materials in compliance with the orders

of this court in which they addressed the claims for relief presented by Brandon. The

reports and evidentiary materials dispute the conclusory allegations presented in the instant

cause of action. Moreover, these documents indicate Brandon is entitled to no relief at this

time as he has failed to properly exhaust available administrative remedies. The court

thereafter issued an order directing Brandon to File a response to the written report. *Order

of August 16, 2007 - Court Doc. No. 15.* The order advised Brandon that his failure to

respond to the defendants' written report would be treated by the court "**as an

abandonment of the claims set forth in the complaint and as a failure to prosecute this

action**." *Id.* at 2 (emphasis in original). Additionally, the order "**specifically cautioned

[the plaintiff] that [his failure] to file a response in compliance with the directives of**

**this order**" would result in the dismissal of this civil action. *Id.* The time allotted Brandon for filing a response to this order expired on September 5, 2007. As of the present date, Brandon has filed nothing in opposition to the defendants' written report as required by the orders of this court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Brandon is an indigent county inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Brandon has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that additional effort by this court to secure Brandon's compliance would be unavailing. As previously noted, the responses and unchallenged evidentiary materials filed by the defendants indicate that Brandon is not currently entitled to federal review of his claims due to his failure to exhaust available administrative remedies. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before October 3, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of September, 2007.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE