RECEIVED
2007 SEP 26  A 10: 14
DEBRA P. HACKETT,
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Marshall E. Brandon
   Plaintiff,

vs.

Dennis Meeks, et al,
   Defendant.

> Civil Action No.: 2:07-cv-466-MHT-SRW

I, Marshall E. Brandon, swear under oath to tell the the truth about what happened in May 2007.

I would like the courts to know that I am without legal councel, and without access to a law library.

I pray this court would appoint legal councel to the plaintiff, on the grounds that the plaintiff is indigent, and have very little education. The plaintiff only completed 7th grade.

If this court will not comply, I ask that this court will grant the plaintiff more time to answer the Defendant's special report. However, the plaintiff will try to answer as best he can.

1. First of all, on February 6th, 2007, the plaintiff was incarserated for V.O.P on case number: CC-2002-202.70, possession of a controlled substance,

and case numeber: CC-1998-257.71, felony D.U.I., due to new charges consisting of the following: On the arrest and booking report: Arrest #07-00124,

\#  #2. 13A-8-5- Theft of Property 3rd / Confidence Game, misdemeanor warrant

#3. 13A-9-5- Possession of a Forged Instrument 1st / Passing Counterfit Object, Felony Warrant (Released)

False  #4. 13A-6-21- Assault 2nd / Aggravated Child Abuse - Non Family, Felony Warrant (Released)

False  #5. 32-1-4 Failure to Appear (Traffic) / Contempt of Court - FTA, Midemeanor warrant

#6. 15-22-54 Probation Violation, Felony Warrant

#7. 15-22-54 Probation Violation, Felony Warrant.

The Theft of Property 3rd and Possession of a Forged Instrument are the only two that are true. The rest are False, and can be proven.

2. The Defendants claim that an inmate was caught sneaking contraband into the jail. The Plaintiff was not that inmate, nor had any knowlege of that incident.

3. The Defendants claim that the Plaintiff volunteered himself to be searched. The Plaintiff can provibe witnesses that will swear under oath that this is false.

4. The Defendants also state that the plaintiff was searched in a holding cell. This is untrue. The Plaintiff was searched in the back of the Booking room.

5. The Defendants state that the reason for the cell block search was because they smelled smoke.

6. Even if the Defendants did smell smoke, what did it have to do with the Plaintiff? The Plaintiff was with the Defendants, returning from the Chapel and search in Booking Room. On what grounds did the Defendants have to strip search the Plaintiff again?

7. The Defendants state that the plaintiff has been in and out of the County Jail. The Record will show that the Plaintiff was incarserated in May of 2002, and rearrested in February of 2007.

8. The Plaintiff can prove that the Defendants bribed Martin Caldwell to lie, saying that he was in D-block on the day that the incident happened.

9. The Plaintiff can prove that Martin Caldwell's statement is not true, because he wasn't placed in D-block until June 30, 2007, and the incident happened in May of 2007.

10. The Defendants state that the Plaintiff is just trying to get money by filling a false statment. If the courts will look back at the Jail's Records, it will show that the Plaintiff has suffered severly since, being incarscrated in the County Jail, and had very good reason for filing a civil action. The incident with officer Lane really dramatized the Plaintiff.

I, the Plaintiff, pray this Honorable Court will accept and GRANT THIS petition

Respectfully Submitted

Marshall E. Brandon

## CERTIFICATE OF SERVICE

I certify that I have this the __24__ day of __September__, 20__07__, served copies of this action on all other parties by placing the same in the U.S. Mail, postage paid, and properly addressed.

__9-24-07__
Date

__Marshall Brandon__ 156863
Plaintiff/Petitioner, *pro se*

Marshall Brandon #156863
P.O. Box 150
MOUNT MEIGS AL.
36051

United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

